**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4762**

———————

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

ONREY TOWNES,

　　　　　Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.　James C. Fox, Senior
District Judge.　(5:11-cr-00213-F-4)

———————

Argued: October 29, 2015　　　　　Decided: November 16, 2015

———————

Before NIEMEYER and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.　Judge
Niemeyer wrote a dissenting opinion.

———————

**ARGUED:** Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Raleigh, North Carolina, for Appellant.　Kristine L.
Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.　**ON BRIEF:** Thomas P. McNamara, Federal
Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh,
North Carolina, for Appellant.　Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Onrey Townes appeals the twenty-one-month sentence the district court imposed upon the revocation of his supervised release. Townes challenges the sentence as procedurally unreasonable, arguing that the district court committed plain error in imposing the sentence absent appropriate explanation. For the reasons that follow, we vacate the judgment and remand for resentencing.

## I.

Townes first appeared before the district court for sentencing on April 24, 2012, after pleading guilty to possessing a stolen firearm and aiding and abetting in violation of 18 U.S.C. §§ 2, 922(j), 924. In accordance with the terms of his plea agreement, the district court sentenced Townes to twelve months and one day in prison and three years of supervised release. Townes began his term of supervised release on July 3, 2012.

On March 26, 2014, United States Probation Officer Dewayne Smith petitioned for the revocation of Townes's supervised release, asserting that Townes had violated the terms of his supervised release in two respects. First, Smith alleged that Townes had engaged in recent criminal conduct. Smith explained that, during the early morning hours of March 15, 2014, Townes entered a home through a bathroom window, woke a young female

3

resident, and fled when the girl called for her parents. Smith also noted that Townes attempted to gain access to a second residence minutes later and that Townes only abandoned his efforts when one of the people inside the home discovered him. In response to these incidents, the Wilson County Police Department charged Townes with felony first degree burglary and attempted breaking and entering. Second, Smith reported that Townes had violated the terms of his supervised release by missing three mental health appointments.

The district court held a hearing on the petition for revocation on September 29, 2014. During the hearing, Townes neither admitted nor denied the alleged criminal activity. As to the allegations regarding his failure to participate in a mental health program as directed, Townes conceded that his absences violated the terms of his supervised release. Townes emphasized, however, that his absences were not the result of disinterest in mental health support. Townes explained that each absence was due to incomplete information or scheduling conflicts and emphasized his desire for future mental health counseling.

The Government made a proffer as to the purported criminal activity, eliciting testimony from the police officers who had responded to the incidents. After hearing from both officers, the district court declared that it found as a matter of fact

4

that Townes had violated the terms of his supervised release by engaging in criminal conduct—both burglary and attempted breaking and entering—and by failing to participate in a mental health program as directed. The district court then explained that it had "considered the policy statements on revocation contained in Chapter Seven of the Sentencing Guidelines as well as [the] relevant factors listed in 18 United States Code 3553(a)." J.A. 21. Prior to imposing the sentence, the district court afforded both parties an opportunity to address the court.

Townes's attorney argued first and offered the following factors in mitigation of Townes's conduct: (1) Townes's youth; (2) his documented struggles with bipolar disorder and schizophrenia; (3) his recent engagement and commitment to helping raise his two three-month-old sons; (4) his abstention from drug use; (5) his work history and current job prospects; and (6) his plans to earn his GED and commercial driver's license. Defense counsel concluded by asking the district court for a sentence below the advisory range provided under the U.S. Sentencing Guidelines Manual's policy table applicable to revocations. The district court did not explicitly address Townes's arguments in favor of a below-the-guidelines sentence at that time. Instead, prior to seeking final comments from the Government, the district court explained that Townes's conduct

5

constituted a "most serious violation" and explained that, because Townes fell within criminal history category II, Townes's advisory range of imprisonment was fifteen to twenty-one months.

The Government responded to Townes's request for a sentence below the advisory range by arguing in support of an above-guidelines twenty-four-month sentence—the applicable statutory maximum. As grounds for a sentence above the advisory range, the Government explained that, immediately after posting bond in Wilson County, Townes had returned to one of the subject residences and shouted threats at the victims. The Government also emphasized that Townes's initial federal conviction was for the possession of a stolen firearm and that Townes had come into possession of the firearm following a 2010 residential break-in. In sum, the Government argued that Townes had failed to learn from his initial term of imprisonment and that his recent criminal conduct evidenced dangerous and escalating behavior.

After both parties presented their arguments, the district court reasserted its finding that Townes had violated the terms of his supervised release. The district court then revoked Townes's supervised release and imposed the sentence as follows:

> After weighing all the factors, it's ordered and adjudged that the supervision term heretofore granted be revoked. The Defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for a period of 21 months. The court

>    recommends that while incarcerated he receive mental
>    health treatment and he participate in the intensive
>    drug treatment program.

J.A. 24-25. This timely appeal followed.

## II.

## A.

A district court is afforded broad discretion when imposing a sentence upon the revocation of supervised release. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence will be affirmed so long as "it is within the statutory maximum and is not 'plainly unreasonable.'" Id. (quoting United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006)).

To determine if a sentence is plainly unreasonable, we conduct a two-step inquiry. See Crudup, 461 F.3d at 438-39. First, this Court must determine whether the sentence is "unreasonable at all." United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). A sentence can be either procedurally or substantively unreasonable. Webb, 738 F.3d at 640. A sentence will be deemed procedurally unreasonable if the judge failed to consider the Chapter Seven policy statements or pertinent 18 U.S.C. § 3553(a) sentencing factors or if the judge failed to "provide a statement of reasons for the sentence imposed." Thompson, 595 F.3d at 547 (quoting United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007)); Crudup, 461 F.3d at 440. A revocation sentence is substantively unreasonable if the

7

district court did not rely on a proper basis in rendering its sentence. Crudup, 461 F.3d at 440.

Only if a sentence is procedurally or substantively unreasonable do we proceed to the second step: determining whether the sentence is "plainly unreasonable." Id. at 439. A sentence is plainly unreasonable if it runs "afoul of clearly settled law." Thompson, 595 F.3d at 548.

## B.

Townes challenges his revocation sentence as procedurally unreasonable. He contends that the district court committed plain procedural error when it failed to address his arguments in favor of a sentence below the advisory range and failed to explain why it imposed the sentence rendered. We agree.

While a district court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," it must give some explanation or indication of its reasoning. See id. at 547. As this Court explained in Thompson, "to hold otherwise, district courts could effectively thwart appellate review of any within-range revocation sentences they impose." Id.

The Government argues that the district court shed sufficient light on its reasoning when it noted, prior to hearing argument from Townes's counsel, that it "considered the policy statements on revocation contained in Chapter Seven of

8

the Sentencing Guidelines as well as relevant factors listed in 18 United States Code 3553(a)." The Government further contends that, between the district court's declaration that Townes's conduct constituted a "most serious Grade A violation" and its recommendation that Townes receive mental health treatment while incarcerated, the district court adequately explained its decision to deny Townes's request for a sentence below the advisory range.

We are unpersuaded by the Government's contentions. Were we to agree with the Government, we would be reaching the type of "speculative conclusion" we cautioned against in Thompson. Id. Most assuredly, a district court is not required to "robotically tick through § 3553(a)'s every subsection." Moulden, 478 F.3d at 657 (quoting, United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006)). However, by merely stating that it had "weigh[ed] all the factors," the district court left this Court to engage in wide-ranging speculation as to how the policy statements and § 3553(a) factors balanced in light of the opposing arguments offered by defense counsel and the Government. This is not to suggest that the district court did not adequately take the parties' arguments into consideration when formulating Townes's sentence; rather, it means that because a sufficient explanation is essential to the "perception of fair sentencing" and "meaningful appellate review," Gall v.

9

_United States_, 552 U.S. 38, 50 (2007), a revocation sentence cannot be deemed procedurally reasonable when this Court can only guess as to the district court's actual reasoning.

Notably, the Government conceded at oral argument that the explanation provided by the district court would not pass muster if this were a direct appeal from an original sentence. Given the paucity of reasoning explaining the sentence in this record, we find no support in our precedents for the manner in which the Government would parse the minimal burden on the district court to explain the reasons for its sentence.

C.

Because we find the sentence procedurally unreasonable, we must now consider whether it was plainly so. Because this Circuit has clearly articulated that a district court is "obligat[ed] to provide some basis for appellate review when imposing a revocation sentence, however minimal that basis may be," _Thompson_, 595 F.3d at 548-49, the district court's failure to offer any explanation for imposing the top-of-the-guidelines sentence rendered, in light of counsel's presentations, runs afoul of clear circuit precedent. Accordingly, we conclude that the sentence is plainly unreasonable.

D.

Finally, despite the Government's arguments to the contrary, we are unable to conclude that the district court's

10

failure to issue a reasoned sentence was harmless. "For a procedural sentencing error to be harmless, the government must prove that the error did not have a 'substantial and injurious effect or influence on the result.'" Id. at 548 (quoting United States v. Lynn, 592 F.3d 572, 585 (4th Cir. 2010)). While the Government argues that the mitigating evidence offered by Townes's counsel was relatively weak in light of its evidence demonstrating escalating and dangerous behavior, we cannot presume that the district court would not have rendered a different sentence had it explicitly considered the arguments of Townes's counsel. As an example, Townes's counsel emphasized to the district court that Townes was "not a drug user" and had not produced a positive drug test throughout his time (more than eighteen months) on supervised release. Despite this evidence, the district court recommended that Townes undergo intensive drug treatment while incarcerated. Reflecting on this potential incongruity—and without any explanation to the contrary—it is reasonable to conclude that the district court entirely overlooked this non-frivolous argument offered in mitigation of Townes's conduct. Because the district court did not adequately explain its basis for rendering the sentence chosen and Townes presented non-frivolous arguments that, if explicitly considered, could have resulted in a different sentence, we are

11

unable to find that the procedural sentencing error was harmless.

III.

For the foregoing reasons, the judgment is vacated and the case is remanded to the district court for a new sentencing hearing.  We deny Townes's motions to file a pro se supplemental brief as moot.

VACATED AND REMANDED

NIEMEYER, Circuit Judge, dissenting:

After revoking Onrey Townes' supervised release because he had committed two crimes, at least one of which was a "crime of violence," and because he had failed to participate in mental health treatment, the district court imposed a sentence of 21 months' imprisonment, within the Sentencing Guidelines' range. The majority opinion now vacates that sentence as plainly unreasonable because the district court did not adequately explain its reasons for imposing it. The majority concludes that, by not saying enough, the district court "thwart[ed]" our ability to review the sentence, leaving us to make a "speculative conclusion" about the reasons for it.

On this record, the majority opinion is unfathomable and leads only to needless procedural churning. As we have said, we should be "hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference we afford district courts when imposing these sentences." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (emphasis added). Even so, on this record, we know exactly why the district court imposed the sentence. I would affirm.

As part of his sentence for possessing a stolen firearm and aiding and abetting, in violation of 18 U.S.C. §§ 922(j), 924, and 2, Townes was given a three-year term of supervised release,

13

which included conditions that he not commit another crime and that he participate in a mental health treatment program. On the motion of Townes' probation officer, the district court revoked Townes' supervised release for violation of these conditions. The court found that Townes (1) committed "felony first degree burglary" of a residence; (2) committed another crime of "attempted breaking and entering of a building"; and (3) "fail[ed] to participate as directed by a probation officer in a mental health program." The district court calculated the Sentencing Guidelines' recommended range to be 15 to 21 months' imprisonment.

Arguing for a downward departure from that range, Townes' counsel pointed out:

> Mr. Townes is 22 years old. He's been living with his sister in Wilson. He's engaged. He has two three-month-old boys. He's excited about being a father and as soon as he can get this behind him he wants to get married and help raise those children.

> He was diagnosed with bipolar and schizophrenia when he was a child, Your Honor. That's documented in his presentence report and he's struggled with this for years.

> He does want the court to know that he wants mental health counseling. That the reason he missed those appointments, it wasn't because he did not want to go or because he did not feel that he needed it. He was -- Your Honor, he got confused.

Counsel also noted that Townes had been employed in some work, that he had other "job possibilities lined up," and that he planned to "get his GED."

14

The government argued for an upward departure of 24 months'
imprisonment, pointing out:

> [W]hen [Townes] bonded out on the state charge for the
> burglary[,] . . . he went back to the same victims'
> house and shouted at them -- shouted threats at them
> from across the street.
>
> I would like the court to also know that his federal
> conviction related to possession of stolen firearms as
> a result of a residential break-in.
>
> It does not appear that his behavior has been deterred
> in the least.  He had a break-in for which he was
> charged for the federal conviction and admitted to
> another break-in in Wilson County.
>
> These two break-ins happened, you know, just minutes
> apart in Wilson, and we believe that he poses a danger
> to the community and shows escalating behavior, bad
> behavior, criminal behavior by his actions on March
> the 15th.

The district court rejected each party's request for a
departure from the Guidelines' recommended range, sentencing
Townes to 21 months' imprisonment, the top of the recommended
range.  The court explained:

> The court has considered the policy statements on
> revocation contained in Chapter Seven of the
> Sentencing Guidelines as well as relevant factors
> listed in 18 United States Code 3553(a).
>
> *       *       *
>
> Well, it's a grade -- most serious grade violation is
> A.*

_____

* The Sentencing Guidelines provide that a Grade A violation
involves "conduct constituting (A) a federal, state, or local
offense punishable by a term of imprisonment exceeding one year
that (i) is a crime of violence . . . ."    U.S.S.G.
(Continued)

15

> Well, the court finds that he's violated the terms of the judgment by criminal conduct as I've indicated, felony burglary and attempted break-in.
>
> After weighing all the factors, it's ordered and adjudged that the supervision term heretofore granted be revoked. The defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for a period of 21 months.
>
> The court recommends that while incarcerated [Townes] receive mental health treatment and he participate in the intensive drug treatment program.

It is difficult to conceive of what more the district court could have said in the context of this particular sentencing hearing. After hearing the evidence and the arguments, the court explained that Townes' violation was the "most serious" recognized by the Sentencing Guidelines -- a Grade A violation -- and that Townes had a mental health problem that needed treatment, explicitly recommending that he receive treatment during his sentence. The court rejected Townes' request for a downward departure, obviously because of the seriousness of the violation, and rejected the government's request for an upward departure, obviously recognizing some of the positive points presented by Townes' counsel. This was further evidenced by the court's concluding note that, "if

§ 7B1.1(a)(1); see also id. § 7B1.1 cmt. n.2 (explaining the meaning of "crime of violence" by reference to U.S.S.G. § 4B1.2, which lists "burglary of a dwelling" as a crime of violence).

16

[Townes] comes back, . . . there won't be much sympathy for him," implying some level of sympathy with the within-range sentence it imposed.

This record is not so vacant as to leave us at a loss as to why the court imposed the 21-month sentence. And certainly, it is more than adequate when considering the standard that governs our review of a district court's decision to impose a revocation sentence within the Guidelines' recommended range. In those circumstances, as already noted, we should be "hard-pressed to find any explanation . . . insufficient." Thompson, 595 F.3d at 547. In addition, we have recognized that a formal explanation made directly in connection with the imposition of a sentence is not required when some explanation "may be clear from the context." Id. Only if the district court fails to "giv[e] any indication of its reasons" for the sentence or if the context fails to illuminate those reasons, id., should we deem the court's explanation "plainly unreasonable" and thus insufficient, see United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

I can "see no reason to direct a remand that would serve no purpose." United States v. Bennett, 698 F.3d 194, 195 (4th Cir. 2012). I would affirm.

17